456 A.2d 1360
**In re Judson POST ESTATE, Helen Erb, Executrix**

v.

**COMMONWEALTH BANK AND TRUST COMPANY.**

**Appeal of Eugene MARRONE, Interpleaded Party Plaintiff.**

Supreme Court of Pennsylvania.

Argued Jan. 27, 1983.
Decided March 16, 1983.

Robert J. Landy, Sayre, for appellant.

Michael J. Dowd, Sayre, for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION OF THE COURT

McDERMOTT, Justice:

This is a claim for the contents of a decedent's safe deposit box. Appellant contends a gift inter vivos.

We have often stated that a gift among the living must be intentionally made by a delivery of the subject matter of the gift to the donee by the donor; a delivery, actual or constructive, that puts the subject matter beyond the control of the donor.

■ One who claims a gift inter vivos must, before he may himself testify to the donative intent, establish a prima facie case that the subject matter was delivered to him beyond the power of recall by the donor.[1]

■ We have several times dealt with the contents of a safe deposit box and have set down rules directly applicable to the case at bar:

To constitute a valid gift inter vivos of the contents of a safe deposit box, two essential elements are requisite: An intention to make an immediate gift, and such an actual or constructive delivery to the donee (a) as to divest the donor of all dominion and control, or (b) if a joint tenancy is created, as to invest in the donee so much dominion and control of the subject matter of the gift as is consonant with a joint ownership or interest therein.

In Re Secary's Estate, 407 Pa. 162, 166, 180 A.2d 572, 574 (1962). We have said these elements may only be established by evidence which is clear, direct, precise, and convincing. In Re Chiarra's Estate, 467 Pa. 586, 359 A.2d 756 (1976), affirmed 478 Pa. 630, 387 A.2d 666 (1978). The trial court found, and we agree, that the appellant's evidence failed to meet these standards.

The court found that appellant had not established prima facie the existence of a gift and therefore, his own testimo-

1. In Re Donsavage Estate, 420 Pa. 587, 218 A.2d 112 (1966).

ny was incompetent under the "Dead Man's Act".[2] The court found further that even were it to consider all the testimony placed on record, including that of appellant, the necessary elements had not been established.

■ The two witnesses offered by claimant to establish the prima facie case failed of their mission when their testimony proved that, whatever intentions might have existed in the mind of the decedent, one was that the money was to be available if needed by the decedent.[3]

Decedent had the right to use the funds during his lifetime. Hence, the dominion and control that must be relinquished by the donor was qualified by its availability for decedent's needs. Legal ownership of the safe deposit box was in decedent. That claimant was the only one who ever used the box does not argue that its contents were his or

2. Act of May 23, 1887, P.L. 158, No. 89 § 5(e), 28 P.S. § 322 (Repealed); 42 Pa.C.S.A. § 5930.

3. Claimant offered the testimony of two witnesses, Mr. Charles Johnson and his wife Shirley, each of whom were employed at the complex in which decedent resided. Mrs. Johnson, who performed weekly housekeeping chores for the decedent, testified as follows:
Q. Now directing your attention to the period at or about the end of the year 1977. Can you tell us whether or not you had any conversations with Carl concerning Mr. Marrone?
A. Yes, we did.
Q. And you say we, by we who do you mean?
A. It was in December 30 of 1977, Carl had asked Charlie and I, my husband, if we would stop in after work and have a New Year's drink with him before we went home because he would not see us on the weekend. So we said sure. So we stopped in and Carl and Charlie and I were talking. We were talking about different things and then Carl brought up about the money that he had given Gene and he said it was the amount of $5,000.00 and that it was in the safety deposit box and that Gene had a key to the box and that the money there, you know, would be used by Carl if he needed it.
Notes of Testimony, November 13, 1979, at 5–6.
The testimony of Mr. Johnson, maintenance supervisor at the residence, was to similar effect:
Q. What, if anything, did you hear him say regarding the money for Mr. Marrone?
A. I heard Carl say that he gave Gene $5,000.00 in an envelope and Gene took it and put it in a safe deposit box, which Carl could use it if he needed it.
Notes of Testimony, November 13, 1979 at 11.

kept for reasons other than those produced by his own evidence. Appellant failed to carry the high burden of proving an inter vivos gift.

The decree of the Orphans' Court is hereby affirmed, with each party to pay its own costs.

ROBERTS, C.J., concurs in the result.