502 A.2d 109

**Joseph P. SEMASEK, Appellee,**

v.

**Theresa A. SEMASEK, Appellant.**

Supreme Court of Pennsylvania.

Agued April 16, 1985.

Decided Nov. 27, 1985.

Clayton T. Hyman, Peter S. Steinberger, Allentown, for appellant.

Anthony J. Urban, Ashland, for appellee.

Before NIX, C.J., LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

HUTCHINSON, Justice.

In this appeal we examine, *inter alia*, whether an absolute gift of tangible, personal property from one spouse to another remains within the pool of marital property for purposes of equitable distribution under section 401 of the Divorce Code of 1980, Act of April 2, 1980, P.L. 63, 23 P.S. §§ 101–801, *as amended*.[1] The Court of Common Pleas of Schuylkill County, in arriving at an order of equitable distribution in the course of these divorce proceedings, held that three rings given by appellee husband to appellant wife were a part of the marital property and subject to equitable distribution. A divided Superior Court panel, 331 Pa.Super. 1, 479 A.2d 1047, affirmed. We now reverse that holding and remand the case to Common Pleas with instructions to modify its decree of equitable distribution, after also reexamining or explaining its ruling on the valuation of one parcel of real estate and otherwise revising its calculations in accord with this opinion.

### I.

The parties in this case were married in September 1959. They have two children. The couple separated in October 1976 after several years of marital disharmony. On August 5, 1980, the husband instituted an action for divorce under Section 201(d) of the Divorce Code. The wife counterclaimed for equitable distribution of the marital property, alimony, alimony pendente lite, and counsel fees. The case was referred to a Master. He recommended a divorce and then held separate hearings on the economic issues. The court considered his report and granted the divorce on May 4, 1981. However, a decision on the other matters did not occur until June 7, 1982, when Common Pleas entered various orders dealing with the financial aspects of this divorce. These latter orders are the subject of this appeal. In them, Common Pleas ordered that the marital property

1. Hereafter, all section references unless otherwise specified are to the Divorce Code, *as amended*.

be split, with 56% awarded to the husband and 44% to the wife. The court also ordered the husband to pay the wife rehabilitative alimony for a future period of three years for the specific purpose of covering educational expenses, not to exceed $2,750 per year. The court refused to award alimony pendente lite, but did award appellant wife counsel fees and costs of $3,910.00. On appeal, Superior Court affirmed. We granted the wife's petition for allocatur.

## II.

As appellant, the wife first contends that Common Pleas abused its discretion when it treated three diamond rings given her by the husband as marital property. That court held § 401(e)(3) of the Divorce Code does not exclude these gifts from marital property. This section excepts property received by a party by "gift, bequest, devise or descent" from the concept of marital property except for its increase in value during the marriage.

The section nowhere expressly says that gifts between spouses nevertheless remain marital property, nor can we find any implication that the Legislature intended to specially treat inter-spousal gifts as marital property. Words must be given their plain meaning, unless doing so would create an ambiguity, and we must interpret statutes in accordance with the legislative intent. 1 Pa.C.S. § 1921.

Here, the language itself creates no ambiguity. The term "gift" has a definite meaning. Our law requires only donative intent, delivery and acceptance. *Post's Estate v. Commonwealth Bank & Trust Co.*, 500 Pa. 420, 456 A.2d 1360 (1983); *In re Sipe's Estate*, 492 Pa. 125, 422 A.2d 826 (1980). Nothing in the statutory definition excludes gifts between spouses, nor does their special nature require exclusion. The words "bequest, devise or descent" following the term "gift" in the phrase modifying and limiting this excluded property do not show us an intent to limit this exclusion to property received from a third person. They would do so only if we construed "gift" as a generic term

further limited by the specific kinds of gifts which follow it, under the maxim *inclusio unius est exclusio alterius*. However, construction by that maxim is inconsistent with other sections of the Divorce Code. For example, § 401(e)(2) allows spouses to exclude specific properties from the pool of marital property by agreement. § 401(e)(3). A contrary interpretation including inter-spousal gifts as marital property would deprive § 401(e)(2) of much of its meaning.

In this case, the record itself indicates that the rings were given absolutely to the wife as her separate property. Diamond rings are not for joint use. They are solely for the use of the recipient. This is evidenced by the husband's statement that he bought the rings because he never gave the wife an engagement ring. Reproduced Record ("R.R.") at 57a. The Divorce Code states simply that gifts are not marital property. We see no reason to treat gifts from one spouse for the sole use of the other any differently. *Accord Sorbello v. Sorbello*, 21 D & C 3d 187 (1981).

## III.

Appellant also contests Common Pleas' valuation of various items of property, including real property in Kline Township and the City of Pottsville, both in Schuylkill County.[2]

## A.

Appellant wife argues that Common Pleas abused its discretion when it ignored her expert witness's testimony that the Kline Township real estate had a fair market value of $52,800 in spite of a moratorium on sewerage connec-

2. Having concluded that the three rings were a gift properly excepted from the definition of "marital property" under § 401(e)(3), we need not discuss their valuation. The record discloses that an appraisal of these items found them to be worthless. They have no material impact on the economic circumstances of the parties which the court should consider under § 401(d)(10) over and above the necessary effect of their elimination from the pool of marital property and the items charged against the wife's share of that pool for property received.

tions in that area. The Common Pleas judge, as factfinder, assigned a value of $10,000 to it.

The record is inadequate for proper appellate review of this issue. Common Pleas does not tell us how it reached the value of $10,000 when the only record evidence was the appraiser's opinion, and therefore we cannot tell whether he properly exercised his discretion in this matter. Appellant's expert appraisal states that the value of $52,800 was already discounted because of a local moratorium on sewer hook-ups. She said that she based her valuation on the property's use as two separate residential parcels, although it would be better suited for a subdivision if sewer hook-ups were available. She went on to say, however, that continuing the property in its current use as two residences would allow immediate connection to the public sewer lines and was therefore the best current use of the property.

■ Common Pleas, without official view or recommendation from the Master, did not explain why it ignored this testimony. Although a factfinder need not accept even the uncontradicted opinion of a valuation expert, Common Pleas should offer some explanation of the basis on which it sets value where that value varies from the only value given in evidence to the extent it does here. *See Appeal of F.W. Woolworth Co.*, 426 Pa. 583, 235 A.2d 793 (1967); *Avins v. Commonwealth*, 379 Pa. 202, 108 A.2d 788 (1954). Without such explanation, meaningful appellate review is not possible. On remand, Common Pleas will have an opportunity to appropriately support its conclusion or take additional evidence, if the taking of additional evidence is requested and the court thinks its receipt is necessary or appropriate.

### B.

Similar problems surround the valuation of the office building in Pottsville. Appellant placed a $45,000 value on it. Appellee testified only that it was worth at least that much. No other evidence was produced on the question. The master recommended that the building be sold and the

proceeds split. The trial court established a value of $35,-000 and awarded the building to the husband at that value.

▓▓▓▓ Owners of property are considered experts when testifying as to the property's value, *Sgarlat Estate v. Commonwealth*, 398 Pa. 406, 158 A.2d 541, *cert. denied*, 364 U.S. 817, 81 S.Ct. 49, 5 L.Ed.2d 48 (1960). Although the court is not bound by such testimony, the record here is inadequate for our review of the court's valuation of this property since there is here, too, nothing on the record to support the court's finding of a lower value. Thus, it should, on remand, explain or modify its action with reference to the portion of this record or any supplemental record relied upon.

## IV.

Appellant next claims that Common Pleas misapprehended the record evidence in two respects.

## A.

▓▓▓ She first says that findings 60 and 78 concerning the sale and deposit of the proceeds of the parties' interest in Delaware real estate are inconsistent. Finding 60 says:

60. During their marriage, the parties acquired an interest in real estate in the State of Delaware. Following their separation, this property was sold for $10,000.00 and the entire proceeds were retained by the [appellant], and were deposited by her in a bank account registered in her name only.

Finding 78 says:

78. On December 16, 1976, the proceeds from the sale of a property owned by the parties in Delaware in the amount of $10,406.75 was deposited in account # 20-021681-06.[3]

3. This account was identified in Finding 76 as an account in the American Bank and Trust Co. of Pa. in the names of Joseph or Theresa Semasek.

Appellant claims that Finding 60 improperly credits her with assets that went into a joint account under Finding 78. This is facially contradictory. However, the figures in the final accounting properly credit the proceeds of this sale to the joint account. *Compare* Conclusion of Law 5.15 with Findings of Fact Nos. 70, 80, 81, 82, 83 and 85. Thus, the facial contradiction is washed out by the Conclusions of Law and this finding is affirmed.

## B.

Appellant also says that the trial court improperly charged her with appropriating $3,550.00 in joint property. This money originally came from joint accounts with her husband, R.R. at 587a, and was deposited in accounts with her sons as co-owners. The later withdrawals from these accounts with her sons are offset by corresponding deposits into the parties' joint checking account. R.R. at 518a. This record also shows that the day after those deposits were put back into the joint account, checks totaling $3,351.14 were drawn on it payable to the Internal Revenue Service and the Pennsylvania Department of Revenue. R.R. at 625a–626a. If these sums went to cover joint tax liabilities of the parties, appellant would be correct in her contention that this sum was improperly charged to her. On remand, Common Pleas may wish to reconsider its finding on this issue.

## V.

Appellant argues that Common Pleas also erred in charging against her all of the funds she appropriated from joint property in 1977 as if she had received a distribution of them for her sole use; and not expressly dealing with this issue in terms of dissipation, as permitted by § 401(d)(7). She contends that the amount charged against her should have been reduced by her necessary expenditures for the support of herself and the two children, then dependent, and for maintenance on the properties.

■ Although Common Pleas did not expressly consider this problem in terms of dissipation, it is plain from its opinion that its charges against appellant were based on what it felt was her failure to properly explain the disappearance of a large part of the assets she took under her sole control. We do not believe Common Pleas abused its discretion in refusing the credits she seeks. Appellant took possession of the funds in 1977. From the parties' separation in that year until the decree in 1980, she also received all the rent from the properties owned by the parties, as well as the benefit of payments appellee directly applied for expenses of her household. Both parties testified that appellee paid for heat, telephone, electricity, and taxes on the marital home as well as the use and occupancy of that home. In addition, the husband provided $100.00 per week for appellant and $10.00 per week for each of the children, *see* R.R. at 70a, 200a. The court correctly considered interest that the joint funds appellant appropriated should have earned, and applied it toward her support. These determinations are well within Common Pleas' discretion. We will not disturb them on appeal. Appellant's own evidence on the disposition of the funds she took and on the household deficits which reasonably remained after use of her other resources is not precise and the factfinder was not required to consider it. *Glider v. Commonwealth,* 435 Pa. 140, 255 A.2d 542 (1969).

■ Many of appellant's other arguments are based on her inadequately supported premise that she properly spent the joint assets she appropriated for the support and maintenance of her household. She claims that the percentages assigned the parties in the order of equitable distribution (44% for her and 56% for appellee) do not reflect her necessary expenditures during the separation. It does not seem to us that Common Pleas abused its discretion in charging appellant's share with the assets she appropriated

for her own use, *see* § 401(d)(10). Therefore, these arguments must also fail.[4]

The record is remanded to the Court of Common Pleas of Schuylkill County for further proceedings consistent with this opinion.

NIX, C.J., concurs in the result.

McDERMOTT, J., concurs in the result and files a Concurring Opinion.

LARSEN, J., files a Concurring and Dissenting Opinion.

McDERMOTT, Justice, concurring.

A gift may be given to anyone. The law is cold in its definition, it does not ask a reason for the giving, only an intention, delivery and acceptance of the thing are required. The majority pertinently notes that the Divorce Code does not include gifts from one spouse to another as "marital property", nor should we, therefore, do otherwise. The majority, however, seems to imply a distinction between personal gifts and "gifts" for joint use. Slip op. p. 4. While the giving of a washing machine or other household item may not be the epitome of selfless gallantry, if it is a gift, it is a gift. A gift can be a unique moment in life, the selfless desire to please, to mend a slight, fend a loss, gain an end or to share in the good it will bring to the life of another. The question ought not to be what is the subject or the purpose of the gift, but rather was it intended as a gift, delivered and accepted.

I otherwise concur in the result.

LARSEN, Justice, concurring and dissenting.

I adopt the dissenting opinion authored by President Judge Edmund B. Spaeth, Jr. and would remand the case to the trial court for further proceedings consistent with President Judge Spaeth's opinion.

4. For the same reason, we will not disturb the finding that appellant had sufficient money to pay a portion of her counsel fees, nor Common Pleas' conclusions on the amount of rehabilitative alimony which she should receive.