**In re Robert S. GRUBBS, Sr., Judith S. Grubbs, d/b/a Bob Grubbs Jewelry & Gifts, Debtors.**

**Bankruptcy No. 88–03247.**
**Motion No. 89–7504–M.**

United States Bankruptcy Court,
W.D. Pennsylvania.

May 4, 1990.

Daniel J. Gates, Pittsburgh, Pa., for debtors.

Stanley G. Makoroff, Pittsburgh, Pa., U.S. Trustee, for trustee.

## MEMORANDUM OPINION

JUDITH K. FITZGERALD, Bankruptcy Judge.

The matter before the Court is the Trustee's objection to the amendment of exemptions by the Debtors.

Because of the failure of their jewelry and gift business, Robert S. Grubbs, Sr., and Judith S. Grubbs (hereinafter, Debtors) filed a Voluntary Chapter 7 Bankruptcy Petition with this Court on December 2, 1988. On November 7, 1989 Debtors filed an amended Schedule B–4, Property Claimed As Exempt.

The Trustee timely filed an objection to Debtor Judith S. Grubbs' amended exemption claimed pursuant to 11 U.S.C. § 522(d)(5) in certain proceeds held by the Trustee from the sale of 1,500 shares of stock of North Pittsburgh Systems, Inc. (hereinafter, Stock). The Trustee contends that the Stock was owned solely by Debtor Robert S. Grubbs, Sr., and that, therefore, Debtor Judith S. Grubbs is entitled to no exemption. Debtors, on the other hand, maintain that the Stock was property held by the entireties, either by a presumption arising under Pennsylvania law or, in the alternative, by a valid gift *inter vivos* made

by Mr. Grubbs to himself and his wife by the entireties.

The pertinent facts, as delineated by the Debtors' Brief in Support of Amended Exemptions, are uncontested by the Trustee. Mr. Grubbs obtained the Stock by testamentary devise in 1986. Contacted by a relative and informed that the Stock had been bequeathed to him by his recently deceased aunt, Mr. Grubbs was given the choice of receiving either the Stock or its proceeds upon sale. He elected to receive the Stock and eventually was mailed the Stock certificates themselves, all registered in his name alone. Mr. Grubbs placed the Stock in a safe located in the family home, but the Stock was not segregated, marked, or identified as entireties property. The safe contained other valuable papers and items, including other property which was held by Mr. and Mrs. Grubbs as entireties property as well as property owned separately by Mr. or Mrs. Grubbs.[1] This safe was accessible to both Debtors who removed or replaced items contained therein at will. Dividends received on the Stock were placed in a bank account jointly held by the Debtors and were used to pay joint obligations. Mr. Grubbs avers that it was his intent and belief at all times that Mrs. Grubbs owned the Stock with him by the entireties.

Based upon the facts as presented and applying the relevant law, this Court concludes that the Stock was not property held by the entireties, either by presumption of law or by a valid gift *inter vivos*, and that Debtor Judith S. Grubbs is entitled to no exemption therein.

■ Debtors first argue that the Stock was property held by Debtors as tenants by the entireties due to a presumption arising under Pennsylvania law. Debtors cite three cases as supporting the principle that a conveyance of property to husband and wife creates a rebuttable presumption that a tenancy by the entireties is created: *In re Roberts*, 81 B.R. 354 (Bankr.W.D.Pa. 1987); *Uccellini v. Uccellini*, 423 Pa. 273,

223 A.2d 694 (1966), and *Brenner v. Sukenik*, 410 Pa. 324, 189 A.2d 246 (1963). Debtors are correct that these cases do, indeed, enunciate that rule of law and furthermore, that rule is still the law in Pennsylvania. *See also Lowry v. Lowry*, 375 Pa.Super. 382, 544 A.2d 972 (1988) (same issue in a divorce context) and *In re Holmes' Estate*, 414 Pa. 403, 200 A.2d 745 (1964). However, Debtors have applied it inappropriately to the case at bar. In the cases cited above, a tenancy by the entireties has been presumed where there has been a conveyance to *both* husband *and* wife. Here, however, the initial conveyance was to Mr. Grubbs alone. In such an instance, the presumption does not arise.

In point of fact, in *Roberts*, supra, cited and relied upon by Debtors, the Court specifically held that while, "property titled to Glenn M. Roberts [husband] and E. Jean Roberts [wife] with nothing more … is entireties property … any property titled to Glenn M. Roberts [husband] individually … is not entireties property." *Roberts*, 81 B.R. at 364.

This Court holds, therefore, that in the case at bar, no presumption arises under Pennsylvania law that the Stock was property held by the Debtors as tenants by the entireties.

■ A somewhat more difficult question is raised by Debtors second argument, that Debtor Robert S. Grubbs, Sr., made a valid *inter vivos* gift from himself to himself and his wife by the entireties. If this Court were to find that Mr. Grubbs later made a valid gift *inter vivos* of the Stock to himself and Mrs. Grubbs together, then the presumption of the creation of a tenancy by the entireties would arise, because that conveyance would have been to both husband and wife. *See Lowry, supra.*

Pennsylvania Courts have addressed the question of requirements for a valid gift *inter vivos* numerous times, both as to gifts of stock and as to contents of safe deposit boxes. These requirements were

---

**1.** Debtors' Brief at 3, for example, states that individual birth certificates were kept in the home safe.

reiterated in *Judson Post Estate v. Com. Bank & Trust Co.*, 500 Pa. 420, 456 A.2d 1360 (1983):

> To constitute a valid gift inter vivos of the contents of a safe deposit box, two essential elements are requisite: An intention to make an immediate gift, and such an actual or constructive delivery to the donee (a) as to divest the donor of all dominion and control, or (b) if a joint tenancy is created, as to invest in the donee so much dominion and control of the subject matter of the gift as is consonant with a joint ownership or interest therein.

*Judson*, 456 A.2d at 1361, citing *In re Secary's Estate*, 407 Pa. 162, 180 A.2d 572 (1962). *See also In re Estate of Christie*, 436 Pa. 101, 259 A.2d 156 (1969); *Hengst v. Hengst*, 491 Pa. 120, 420 A.2d 370 (1980).[2]

"To establish ... a gift inter vivos the evidence must ... be clear, direct, precise and convincing." *In re Estate of Baker*, 495 Pa. 522, 434 A.2d 1213, 1216 (1981) (quoting *Donsavage Estate*, 420 Pa. 587, 218 A.2d 112 (1966)). *See also, Judson*, supra. This Court finds that the Debtors have not met that burden of proof.

▪ In the case before us, there is a marked paucity of evidence of a valid gift *inter vivos* and what evidence there is, is quite less than clear and convincing. Debtor Robert S. Grubbs, Sr., received a conveyance of Stock to him alone. He avers that he intended to make a present gift of the Stock to himself and his wife as tenants by the entireties. Upon receipt he placed it in a secure place, a place where he and Mrs. Grubbs kept entireties property, but also a place where Debtors admit they stored their individual property. Later, as dividends were paid on the Stock, these amounts were deposited in a joint bank account and used by both Debtors. We find that the actual or constructive delivery

of the Stock by Debtor Robert S. Grubbs, Sr., to Debtor Judith S. Grubbs was not sufficiently proven to invest Mrs. Grubbs with dominion and control over the Stock consonant with joint ownership or interest.

The clearest form of a delivery of a gift of corporate shares is registration of the shares in the name of the donee on the stock ledger of the company coupled with physical delivery to the donee of stock certificates in the name of the donee representing the shares so registered.

*Wagner v. Wagner*, 466 Pa. 532, 353 A.2d 819, 822–823 (1976). While this is the ideal, it is clear that in some circumstances, Pennsylvania courts will accept lesser modes of delivery, notably that a gift of stock may be made without a change in registration. Debtors cite *Christie, supra; Brightbill v. Boeshore*, 385 Pa. 69, 122 A.2d 38 (1956), and *In re Connell's Estate*, 282 Pa. 555, 128 A. 503 (1925), regarding the proposition that a gift can be proven absent assignment, endorsement, or transfer of registration. Nevertheless, these three cases are all distinguishable from the instant situation.

Only *Christie* involved a joint tenancy or a tenancy by the entirety. In *Christie* the gift failed for the same reason it fails here; where a gift is alleged to pass to the donor and donee jointly, it becomes much more difficult to demonstrate sufficient dominion and control by both parties. Moreover, the validity of the gift must first be established. With virtually nothing more than the placing of the Stock in a communal safe place as was done here, that validity has not been shown.

> The fact that a safe deposit box is leased in the names of both husband and wife is not of itself sufficient to establish joint ownership of the contents found therein which originally belonged to one of the lessees alone.

**2.** The standards announced in *Hengst*, supra, differ slightly from those in the other cases because the issue did not involve a safe deposit box. We note that while the case at bar involves a home safe rather than a safe deposit box, an analogy between the instant case and safe deposit box cases applies in that the allegedly gifted property is stored in a communal area. As a consequence, to prove the gift, the donee must be invested with so much dominion and control as is consonant with a joint ownership or interest. Indeed, in safe deposit box cases, the evidence of a valid gift *inter vivos* is often stronger than exists here because of the wording contained in the rental agreements for those boxes. *See Christie,* supra.

*Brown v. Brown,* 330 Pa.Super. 324, 479 A.2d 573, 575 (1984) (citing *Christie, supra*). Further, the fact that dividends from the Stock were deposited in a joint bank account is not clear and convincing evidence of a valid *inter vivos* gift of the Stock, although it may be sufficient to establish a gift of the dividends.

Debtors find no succor in their cited cases. In *Christie, supra,* stocks registered in the husband's name alone were deposited in jointly controlled safe deposit boxes in two different banks. In spite of language contained in one of the box lease agreements that was redolent with donative intent,[3] the Court still found that no valid gift *inter vivos* had been effected. Debtors here have produced even less evidence of intent and delivery than was present in *Christie,* and the gift there failed.

While the gift in *Brightbill, supra,* was found to be valid, there was significantly greater donative evidence there than here. In *Brightbill* the stock was assigned to the donee and the certificates were physically delivered into the donee's sole possession. Still, *Brightbill* maintained that assignment was not necessary to a finding of a valid gift and cited *In re Chapple's Estate,* 332 Pa. 168, 2 A.2d 719 (1938), another case where a valid gift was found, but where there had been no assignment, endorsement or transfer of registration. Nevertheless, in *Chapple's Estate* there was, again, actual physical delivery of the certificates into the donee's exclusive possession. Neither *Brightbill* nor *Chapple's Estate* purported to make a gift from sole ownership to entireties or joint ownership.

*Connell's Estate, supra,* presents yet another parallel case; there was no assignment, endorsement or transfer of registration, but there was actual physical delivery of the certificates into the donee's sole possession. Again, *Connell's Estate* did not involve an entireties entity as donee. Clearly, Pennsylvania law does not require assignment, endorsement or transfer of registration to effect a valid gift *inter vi-*

*vos* of stock where the donor delivers exclusive possession to the donee, but barring this obvious indicator, there must be some other distinct manifestation of the gift. There was no proof of delivery of exclusive possession in this case, nor any other evidence which was legally sufficient proof of a gift *inter vivos* to the entireties.

This Court finds Mr. Grubbs averment of donative intent unconvincing. He announced this intent for the first time in these bankruptcy proceedings after the Stock was sold and when such a claim carried with it a pecuniary advantage for the Debtors. His placement of the Stock in the home safe falls far short of a delivery "invest[ing] in the donee so much dominion and control of the subject matter of the gift as is consonant with a joint ownership or interest therein." *Judson,* 456 A.2d at 1361. Without an assignment or endorsement over or transfer of registration, Mrs. Grubbs could exercise only extremely limited control over the Stock, that is, physical removal of the certificates. She could neither sell the Stock nor encumber or hypothecate it in any way, nor could she claim the right to dividends from the corporation. Dominion and control consonant with joint ownership is not shown where the purported "joint owners" hold such grossly unequal rights with regard to the property. Assignment, endorsement or transfer of registration alone would establish validity of the gift of this Stock.

This Court holds that the Stock is not entireties property and that Debtor Robert S. Grubbs, Sr., failed to create a valid gift *inter vivos* of any interest in the Stock to his wife, Debtor Judith S. Grubbs. Accordingly, the Trustee's objection is sustained and the amendment of Schedule B–4 is disallowed insofar as it claims an exemption by Debtor Judith S. Grubbs in the Stock.

An appropriate Order will be entered.

---

**3.** "It is agreed that each (or either) of the undersigned is the owner of the present and future contents of said Box ..." *Christie,* 259 A.2d at 158–159, quoting the lease agreement.