## Rogish v. Rogish

*Daniel Webster,* for plaintiff.
*John A. Kopas III,* for defendant.

SOLOMON, *J.,* December 30, 1992 — The parties herein, husband and wife, separated and reconciled on numerous occasions from 1982 until August 1992, during the pendency of their divorce, which was filed in 1982. Before one such reconciliation, the plaintiff, Nikki L. Rogish, on January 5, 1989, transferred by deed her interest in the marital real estate, which realty is the subject of

the matter before the court, to the defendant, John C. Rogish. That attempted reconciliation failed, as did several others after the real estate had been transferred, with a final separation in August 1992.

On September 28, 1992, the defendant transferred the subject real estate to another, an alleged paramour. Thereafter, the plaintiff sought injunctive relief pursuant to section 3505(e) of the Divorce Code, 23 Pa.C.S. §3505(e), asking the court to set aside the September 28, 1992 deed, and to find that the January 5, 1989 deed was executed under duress and was not a gift.

At the hearing held in this matter, the plaintiff, the defendant and the alleged paramour offered testimony. From that testimony, and controlling statutory and case law, it is the finding of the court that (1) a valid gift was made by the plaintiff to the defendant of the property in question; (2) that the property remained marital property subject to the Divorce Code; and (3) the deed of September 28, 1992 must be set aside.

All that is required for a gift to be made is an intention, delivery and acceptance. *Semasek v. Semasek,* 509 Pa. 282, 502 A.2d 109 (1985). It matters not what the wife's motive was in deeding the property to her husband. *Id.* "The question ought not to be what is the subject or the purpose of the gift, but rather whether it was intended as a gift, delivered and accepted." *Id.* at 292, 502 A.2d at 113-14. That is what occurred instantly. The fact that there is some gain to be had by the gifting spouse as a result of the gift, the reconciliation, does not negate donative intent, but rather positively suggests it. *Brown v. Brown,* 352 Pa. Super. 267, 507 A.2d 1223 (1986).

Having concluded that wife gifted the property to the defendant in 1989, we must next determine whether the

gifted property is excluded from marital property. Property acquired by one spouse as the result of a gift of that property by his spouse, remains marital property. 23 Pa.C.S. §3501(a)(3). Thus, the subject property, although a valid gift was made of it by wife to husband, retained its character as marital property. As such, it remains subject to the provisions of the Divorce Code, 23 Pa.C.S. §3101 et seq.

The defendant and the alleged paramour, each testified that the September 28, 1992 transfer was made to satisfy debts owed by the defendant. From the testimony offered by all three witnesses, it appears that the debts began sometime in 1977 and continued on a sporadic basis up to the time of the transfer of the real estate in 1992. There was no testimony that any monies were paid by the alleged paramour to the defendant at the time of the transfer, or as to an accurate (or even approximate) amount owed by the defendant.[*] From such testimony, we can only find that a wholly inadequate consideration was paid for the marital property by the third person, and under section 3505(e), the disposition of the marital property by the defendant is deemed fraudulent and must be declared void.

Wherefore, we will enter the following

### ORDER

And now, December 30, 1992, after hearing, it is the finding and order of this court that a valid gift was made

---

[*] We would note that there is no disagreement that at a hearing held by the special master, the defendant offered no testimony on debts owed to the alleged paramour, or listed the debts in any of the divorce documents as a liability of the defendant, or a lien agreement against the property.

by the plaintiff to the defendant on January 5, 1989, of the real estate more fully described in Record Book 515, page 342; that the real estate remained marital property; and that the deed dated September 28, 1992, and recorded in the Recorder's Office of Fayette County in Record Book 1059, page 209, was made for wholly inadequate consideration and is deemed fraudulent and declared void.