438

611 A.2d 296

Orin GOLDBLUM, Appellant,

v.

Julie GOLDBLUM.

Superior Court of Pennsylvania.

Argued May 20, 1992.

Filed July 23, 1992.

Henry E. Rea, Jr., Pittsburgh, for appellant.

Gale Christine, Pittsburgh, for appellee.

Before ROWLEY, President Judge and MONTEMURO and HESTER, JJ.

HESTER, Judge:

Dr. Orin Goldblum appeals from the July 23, 1991 decree of equitable distribution entered by the Allegheny County Court of Common Pleas in this divorce action.[1] Appellant argues that the trial court erred by including in the marital estate an increase in the value of his sole proprietorship medical practice when the increase occurred after the separation of the parties. This increase in value followed from a post-separation reduction in a debt related to the acquisition of the practice. Appellant contends that the trial court incorrectly included that portion of the debt reduction in the marital estate by utilizing the value of the practice on the date of distribution rather than on the date of separation. As a consequence of this, he argues that his post-separation earnings, which are not marital property, improperly were included in the distribution. We disagree and affirm the decree of the trial court.

The record reveals the following. Appellant and appellee, Julie Goldblum, were married on May 17, 1981, shortly after appellant graduated from the University of Pittsburgh Medical School. At the time, appellee was employed by the City of Pittsburgh as an urban planner. The parties subsequently moved to Baltimore for appellant's internship in dermatology at Johns Hopkins Hospital. Appellee was employed while they were in Baltimore as a computer operator but she stopped working shortly before the birth of the couple's only child, Alex, on May 7, 1985. Appellee

1. The caption incorrectly refers to an appeal from a judgment.

subsequently remained at home as a homemaker. The parties returned to Pittsburgh in 1985, and appellant negotiated an agreement to purchase the practice of a sole practitioner who was retiring to Florida.

The purchase price was $300,000 and was financed by the seller. The debt was intended to be repaid through income generated by the practice and was secured by a seven-year installment promissory note and a second mortgage on the home owned by the parties. The purchase agreement specified that $50,000 was for equipment, $200,000 for goodwill, and $50,000 for a non-competition agreement. The seller was required to practice with appellant for six months. Appellee later began working part-time as a bookkeeper for the practice.

The parties separated on February 14, 1988. Appellant filed a divorce complaint on April 4, 1988. Appellee responded by filing a counter complaint seeking equitable distribution, alimony, and child support. Appellant paid $3,500 per month in temporary spousal and child support which was converted into alimony pendente lite on April 23, 1990. This was calculated on appellant's net income of $10,614 per month and appellee's lack of income. Appellant's net income was calculated after the debt payments were deducted from the gross income of the practice. During this period, the Bell Atlantic Yellow Pages omitted listing appellant's practice and he filed suit contending that he consequently suffered a reduction in the number of patients and his gross income as a result of this oversight. This suit has not yet been resolved. A divorce decree was entered on April 23, 1990. After entry of the divorce decree, appellee obtained a master's degree in business administration and currently is seeking employment. This appeal followed the entry of the decree of equitable distribution resolving the economic aspects of the divorce.

Appellant's argument is premised upon section 3501(a)(4) of the Divorce Code, as amended, which excludes from the marital estate "property acquired after the final separation until the date of the Divorce except for property acquired in

exchange for marital assets." He argues that his post-separation payments on the debt were made with post-separation earnings and that appellee should not receive the benefit from the increase in value from the reduction in debt which occurred after separation but prior to equitable distribution. The first issue is whether the reduction in debt increases value.

For purposes of this appeal, we will assume that appellant's argument is correct that the reduction in debt increased the goodwill value of the practice for a potential purchase by a third party. Appellant had paid $300,000 for the practice. The principal debt owed on the purchase of the practice declined from $235,158 on the date of separation to $131,962 at the time of trial. This reduction of $103,196 in debt increased the net value of the practice by a corresponding amount if other, independent factors such as changes in the number of patients and gross income during this period are not considered. We note that appellant's argument differs from his contention at trial that the current net earnings of the practice constituted a more accurate indication of value than did the purchase price. Nevertheless, it makes sense to us that a reduction of the debt would increase the goodwill value of the practice. Instantly, the trial court awarded appellee fifty-five percent of the net value ($300,000–$131,962 equaling a value of $168,038), or an award to her of $92,420. If the date of separation values had been used, the award would have been fifty-five percent of $64,842 ($300,000 less $235,158), or $35,663.

Appellant argues that the mere fact that his post-separation earnings increased the value of a marital asset does not convert these payments into marital property since the increase in value did not occur during the marriage and there was no intent to benefit appellee. See Diamond v. Diamond, 360 Pa.Super. 101, 519 A.2d 1012 (1987) (increase in value of land owned during marriage due to erection of apartment buildings after separation was not includible in the married estate since it occurred after separation and the buildings represented so substantial a change that they

should be considered a new asset rather than appreciation in value of a marital asset); *See also Kohl v. Kohl*, 387 Pa.Super. 367, 564 A.2d 222 (1989) (repayment of a husband's loan by the father after separation did not cause increase in the marital estate by reduction of debt; there was no evidence that the father intended to also benefit the wife). In *Kohl* we stated, "Only if the outstanding loan had been paid off with income generated during the marriage would the property have acquired the status of marital property." *Id.*, 387 Pa.Super. at 376, 564 A.2d at 226. Therefore, appellant asserts his post-separation earnings did not become marital property. We agree that the non-marital post-separation property of appellant which contributed to the increase in value, *considered by itself in isolation*, should not have been included in the value of the marital estate by the trial court.

Contrary to appellant's arguments, however, we find that the trial court properly valued the practice as of the date of trial rather than the date of separation for purposes of achieving fairness and justice between the parties in the equitable distribution. *See Sutliff v. Sutliff*, 518 Pa. 378, 543 A.2d 534 (1988), in which our Supreme Court held that the Divorce Code did not specify a date to be used for equitable distribution but determined:

> In the usual case, however, given that the parties' present needs and circumstances are to be a major factor in distributing marital assets, it would be impossible to construct a distribution scheme that would be fully responsive to those needs and circumstances if the court were to act without taking cognizance of the current values of the assets being distributed.

*Id.*, 518 Pa. at 383, 543 A.2d at 537. Utilization of the value on the date of separation by the trial court would not have been fair in this instance since the major asset which the parties owned, other than their home which was mortgaged and had little equity, was the medical practice. It was rendered illiquid by the joint debt. Without utilizing appellant's post-separation earnings as a way to convert the

unrealized goodwill of the practice by reduction of the debt, there would be no other way that the practice as a marital asset could be distributed. The joint debt was incurred to attain something of value. Although the debt was a joint marital debt, its repayment originally was premised solely on appellant's earning capacity. The parties could not have relied upon appellee's earning capacity for repayment nor is it realistic to assume that appellee could contribute much to reduce this debt. Moreover, the practice remained a joint asset until equitable distribution. The only other alternative would have been to have assigned one-half the debt to appellee and to have increased the level of appellant's support to enable appellee to repay her portion. Accordingly, we do not find an abuse of discretion in the trial court's utilization of the date of the trial for assigning value to the medical practice.

Additionally, this is not an appropriation of appellant's property. The trial court, instead, already had reduced appellant's obligation of support and alimony pendente lite by recognizing that his *net* earnings occurred subsequent to his payment of the debt obligation. Therefore, the trial court, in effect, already had reduced the interim alimony payments due to appellee if she were to pay her portion of the debt and instead, deducted the debt payments from appellant's gross income. Thus, in our view, the court recognized that the payment on the debt, though drawn from appellant's post-separation earnings, in actuality was being paid jointly by the parties. The money paid to reduce the debt otherwise would have been available to appellee through increased support and alimony with which she could have paid her portion of the debt.

Further, appellant is obligated by law to continue his best efforts and not to reduce intentionally either his earnings or waste marital assets, which in this case include the goodwill value of the medical practice. This recognizes that the professional practice, although a sole proprietorship, is an asset and its income and expenses essentially represent appellant's earnings and expenses which are shared by both

parties until equitable distribution finally renders them separate. Finally, this increase is not such a significant change in the character of the asset that it clearly is separable as in the case of *Diamond v. Diamond, supra,* relied upon by appellant.

We confirm our conclusion with our examination of the support guidelines. The support that appellant was paying prior to trial was based on his *net* income after the debt payments. Thus, the payments did not represent solely post-separation earnings since these earnings were reduced already by payment on the joint debt of the parties. Accordingly, we find that the trial court properly rejected appellant's argument that the post-separation increase in goodwill value due to the reduction in the debt should not have been included in the marital estate for equitable distribution.

Decree affirmed.