# Carnahan v. Carnahan

C.P. of Lawrence County, no. 10217 of 2008, C.A.

*Susan M. Papa,* for plaintiff.
*Charles S. Cusick Jr.,* for defendant.

HODGE, *J.,* July 2010—The plaintiff and defendant have presented exceptions to the report of the master relative to the economic claims attendant to the parties divorce action.

The parties were married on December 31, 1994 and separated on July 23, 2007. The plaintiff presented 11 exceptions for review; the defendant presented five exceptions for review.

In disposing of these exceptions, the court observes that while a master's report is advisory only, it is to be given great deference. *Fiorilli v. Fiorilli,* 202 Pa. Super. 529, 195 A.2d 369 (1964), *Morschhauser v. Morschhauser,* 357 Pa. Super. 339, 516 A.2d 10 (1986). A reviewing court has a duty to make a complete and independent review of the proceeding below. *Rollman v. Rollman,* 280 Pa. Super. 344, 421 A.2d 755 (1980).

In reviewing master's considerations, however, the report should be given "fullest consideration" particularly on issues of credibility. *Kohl v. Kohl,* 387 Pa. Super. 367, 564 A.2d 222 (1989). The review is intended to discover inherent improbabilities in the stories of the

witnesses, inconsistencies and contradictions, bias, interest, and opposition to incontrovertible physical facts by which credibility may be ascertained. *Rollman, supra.* However, because the master is the person hearing the testimony and observing the demeanor and appearance of the witness, any issue of credibility must be resolved by giving the master's findings the fullest consideration, *Rorabaugh v. Rorabaugh,* 302 Pa. Super. 1, 448 A.2d 64 (1982). With this standard in mind, the following is a discussion and disposition of all exceptions.

## PLAINTIFF'S EXCEPTION 1

*The award of alimony is unsupported by fact and contrary to law. The master failed to consider defendant's substantial earnings and properly apply the factors of the divorce code.*

An award of alimony is issued with the purpose of effectuating economic justice between the parties, 23 Pa.C.S. §3102 (a)(6), and is guided by the factors in 23 Pa.C.S. §3701. The parties in the instant action were married for 12 1/2 years, and have two minor children together. Each party is in good health. Plaintiff is currently earning approximately $3,300 per month with her employment at Verizon as a staff clerk; her month needs total approximately $4,850. Husband's monthly income is approximately $6,500, which he earns as a senior staff consultant with Verizon; his monthly needs total $4,000, not including his support obligations. Plaintiff's role as a homemaker and primary caregiver for their two children allowed defendant to concentrate on his career at Verizon. Consequently, defendant has advanced his career significantly with the company, but does not enjoy

the job security that plaintiff has in her position at Verizon.

In 2001, defendant was admittedly unfaithful to his wife; this resulted in an overall distrust of defendant by plaintiff to the point were plaintiff suspected defendant of having a second affair. Although plaintiff has been faithful and dedicated to defendant throughout the course of their marriage, plaintiff has mishandled the marital finances by spending beyond the means of the parties, incurring debt up to credit limits, all of which also resulted in the parties having to obtain loans to pay these bills. The marital problems resulted in the parties separating on July 23, 2007; plaintiff filed a complaint in divorce in February of 2008.

Alimony following a divorce is a secondary remedy and is available only where economic justice and the reasonable needs of the parties cannot be achieved by way of an equitable distribution award and development of an appropriate employable skill. *Twilla v. Twilla,* 445 Pa. Super. 86, 664 A.2d 1020 (1995). Alimony is based upon reasonable needs in accordance with the lifestyle and standard of living established by the parties during the marriage, as well as the payor's ability to pay. *Isralsky v. Isralsky,* 824 A.2d 1178, 1188 (Pa. Super. 2003).

At this time, plaintiff's monthly income does not sustain her reasonable monthly expenses. Defendant, to the contrary, is easily able to generate enough monthly income to cover his monthly expenses. The master was correct in awarding plaintiff alimony, however, upon review this court does not find that said alimony is sufficient in value to sustain the economic needs of plaintiff as she transitions past this divorce. A more appropriate

figure equaling $1,300 shall be awarded to plaintiff. Plaintiff's exception 1 is granted.

## PLAINTIFF'S EXCEPTION 2

*The master failed to set forth the percentage distribution of marital property.*

In an equitable distribution proceeding the master is not required to set forth a specific percentage for the distribution of marital property; the method of distribution is derived from the facts of the individual case, whereas no simple formula need be applied. *Anthony v. Anthony,* 355 Pa. Super. 589, 514 A.2d 91 (1986). Plaintiff's exception 2 is denied.

## PLAINTIFF'S EXCEPTION 3

*The master erred in failing to give plaintiff credit for the negative value of the marital residence.*

A review of the record shows that the master properly considered the negative value of the marital residence. In evaluating the value of the marital residence, the master calculated the current fair market value of the residence, evaluated at $190,000, minus the current balance of the mortgage, equaling $162,500, and the current balance of the home equity loan, equaling $33,370. From this calculation, master arrived at a net burden of $5,870. Master correctly concluded that plaintiff should be responsible for the net burden, as this cost was offset by plaintiff being awarded all the furnishings currently located within the home, which have been estimated to have a value of approximately $8,400. Plaintiff's exception 3 is denied.

## PLAINTIFF'S EXCEPTION 4

*The master erred in failing to consider the lump sum tax ramifications of a lump sum alimony pendente tile payment.*

The master states in his report that "an award of alimony should not impact the parties' tax status beyond the general implications commonly associated with an award/obligation of alimony." (Master's report p. 46.) Alimony in general is deductible from the payor spouse's taxable income under Internal Revenue Code §215 and includable in the payee spouse's income under Internal Revenue Code §71 if the following requirements are met: paid pursuant to a court order or written separation agreement, IRC §71 (b)(1)(A); not designated by the order or agreement as nondeductible to the payor and excludable to the payee, IRC §71 (b)(1)(B); the payor and payee are not living in the same household following a divorce decree, IRC §71 (b)(1)(C); not required under support order or agreement to continue payment under death of payee, 71 (b)(1)(D); and no portion of payment is allocated to child support, 71 (b)(1)(E).

Because all of the above statutory provisions are met, plaintiff's award of alimony is subject to tax as included in her general income. Throughout the course of marriage, income generated by both parties subjected them to be taxed at a 25 percent marginal rate. Given plaintiff's current income and support award, plaintiff would still be subject to the same rate that she was previously taxed at. The master correctly concluded that said alimony would not result in plaintiff being subject to any extreme tax implications, and plaintiff presents no evidence to the contrary. Plaintiff's exception 4 is denied.

## PLAINTIFF'S EXCEPTION 5

*The master erred in his conclusion that defendant's standard of living has declined. Plaintiff's standard of living has declined in favor of the best interest of the minor children.*

The master concluded that both the plaintiff and defendant have had a decline in their respective standards of living subsequent to separation. The master found that prior to separation the parties established a comfortable lifestyle as an upper middle class family and had a combined annual income of approximately $190,000. Plaintiff has suffered by no longer having defendant contribute to the household income, yet defendant has also suffered by leaving the marital residence to reside in a two bedroom apartment. Difficulty is certain to arise when both parties wish to assume the same standard of living enjoyed prior to separation, yet the available assets are being divided. Regardless of such a consequence, the parties should attempt to maintain such a standard to whatever extent possible. See *e.g. Willkow v. Willkow,* 26 D.&C. 3d (1982). As such, the burden of separation has adversely affected both parties in this case.

Furthermore, in any divorce proceeding, both parties are obligated to serve the best interests of the children involved. *Conway v. Dana,* 456 Pa. 536, 318 A.2d 324 (1974). The primary purpose is to give children some semblance of the standard of living that the children would experience had the family remained intact. *Schenkel v. Schenkel,* 47 Lehigh L.J. 469 (1997).

The court finds the master did not err in his assessment of the standard of living as related to both parties. Plaintiff's exception 5 is denied.

## PLAINTIFF'S EXCEPTION 6

*The master erred in finding that all stock units and all other related assets were defendant's separate property and not marital.*

In determining whether or not an asset received by a spouse is marital, a court must consider when the right to receive the asset accrues. *Diamond v. Diamond,* 360 Pa. Super. 101, 519 A.2d 1012 (1987). The time that the spouse actually receives an asset is not controlling in determining if the asset is marital property. *Id.* For example, in the case of *LaBuda v. LaBuda,* 349 Pa. Super. 524, 503 A.2d 971 (1986), the court determined that pension benefits and the like, can be considered marital property depending upon when the right to receive them accrues, regardless of the fact that the asset was actually received post separation.

Futhermore, any money which is included in an individual's income for the purposes of calculating support payments may not be labeled as a marital asset subject to equitable distribution. *Berry v. Berry,* 898 A.2d 1100, 1104 (Pa. Super. 2006) (quoting *Rohrer v. Rohrer,* 715 A.2d 463, 465 (Pa. Super. 1998). In this case, like the case of *Berry,* defendant earned the stock options during the course of marriage; however with respect to the stock units issued in 2007, defendant did not have access to the funds at the time of separation as they were due to vest on December 31, 2009 and available shortly thereafter. Defendant did not have the right to access the stock units prior to 2010 and they are therefore not marital in nature. Furthermore, to the extent that the stocks had not yet vested, it would be inappropriate to regard them as having any value. The stock units earned in years 2005,

2006 and 2007 did not vest until after separation and have properly been considered for support purposes. To characterize these stock units as marital property, which they are not, would result in defendant being subject to "double-dipping" and improperly subject to both support and equitable distribution.

Plaintiff's exception 6 is denied.

## PLAINTIFF'S EXCEPTION 7

*The master erred in his treatment of the EDP account as a source of alimony pendente lite. The EDP should have been divided 65 percent/35 percent to plaintiff and defendant and an alternative source used for APL.*

The Verizon Executive Deferral Plain (EDP) is comprised of restricted stock units, which have been deferred by defendant; these stocks have not yet been received by defendant nor have they been considered for support purposes. The RSU's as previously established can not be characterized as a marital asset. (See discussion plaintiff's exception 6.) For this reason, it is improper to consider them for purposes of equitable distribution. The master, in utilizing the EDP as a source for alimony pendent lite, found that because the money in the EDP account is currently available to defendant, the most appropriate action is to also make the funds currently available to plaintiff. As such, the master properly treated the account as a source for alimony pendent file.

Plaintiff's exception 7 is denied.

## PLAINTIFF'S EXCEPTION 8

*The master erred in assigning plaintiff a 50 percent interest in defendant's 401(k) for the reason that equity*

*strongly favors plaintiff. Plaintiff should receive a greater distribution than 50 percent.*

Plaintiff is correct in her assertion that she was only awarded 50 percent of defendant's 401(k). However, plaintiff was awarded her entire benefit pension plan valued at $31,888 and her own 401(k) plan valued at $32,300, in addition to 50 percent of the marital component of defendant's 401(k) plan. If the total marital values of both parties' pensions / 401(k)s are summated, they equate to $205,188. If plaintiff evaluates her portion of this entire amount ($134,688), she will see that master awarded her 66 perecent of the total ($134,688 / $205,188). The master's equitable division of the parties' pensions / 401(k)s does in fact economically favor plaintiff. It would not be economically justifiable to consider defendant's 401(k) without additionally considering plaintiff's pension and 401(k).

Plaintiff's exception 8 is denied.

## PLAINTIFF'S EXCEPTION 9

*The master erred in awarding plaintiff alimony for only four years.*

The primary purpose of alimony is to provide the recipient spouse with sufficient income to obtain the necessities of life for a reasonable time after the marriage ends, so that the party has the ability to rehabilitate the self from that point forward. *Zullo v. Zullo,* 531 Pa. 377, 613 A.2d 544 (1992). Alimony is not designed to be a form of punishment or economic equalization. *Id.* The master's award of alimony to plaintiff for four years is appropriate in duration. The master found that in this time, plaintiff could complete her education and become more economically stable. Plaintiff's exception 9 is denied.

## PLAINTIFF'S EXCEPTION 10

*The master erred in designating that certain accounts were non-marital because they appear on defendant's W-2, and further that said funds were previously considered when calculating support.*

A review of the master's report indicates that the master considered defendant's W-2 statements in order to determine which stocks and other accounts have already been designated as income to defendant. Any income listed on defendant's W-2 is subject to consideration for purpose of establishing defendant's income to generate a support award to plaintiff. In doing so, the master did not specifically label accounts as non-marital, but instead characterized the payouts as income. To the extent that income appears on defendant's W-2, domestic relations can utilize these figures to calculate an appropriate support award; as such the master properly took into consideration said amounts.

Plaintiff's exception 10 is denied.

## PLAINTIFF'S EXCEPTION 11

*The master erred in his division of defendant's non-marital accounts.*

See discussion of plaintiff's exceptions 6 and 7.

## PLAINTIFF'S EXCEPTION 12

*The master erred in not including all stock options in the alimony pendente life calculation.*

As previously established, not all of defendant's stock options have been taken into consideration for support purposes, but most have. The stock options provided to

defendant in the year 2007 are the only remaining stocks which have not been taken into consideration for calculating support. As such, these stocks must be properly allocated to each party. When the portion of the stock labeled PSU vests, (December 31, 2009), defendant must take the payment in 2010. The RSUs, however, can be utilized by defendant or deferred to the EDP account. Any stock options in the EDP account have not been paid to defendant, consequently they have not appeared on his W-2 as income, and have not been taken into consideration for support. The master properly found that these remaining stock options were an appropriate source for alimony pendente lite. Plaintiff's exception 12 is denied.

## DEFENDANT'S EXCEPTION 1

*The master erred in failing to differentiate between marital non-qualified assets and marital qualified assets.*

See discussion plaintiff's exception 6 and 7. Defendant's exception 1 is denied.

## DEFENDANT'S EXCEPTION 2

*The master erred in awarding plaintiff an equitable distribution of assets in excess of two-thirds of the marital equity.*

In defendant's legal memorandum in support of his exceptions, defendant asserts that the parties' retirement funds would be more appropriately divided in the vicinity of 50/50. However, this court finds defendant's suggestion to be improper and inconsistent with case law. The master properly took into consideration all relevant factors including, but not limited to, length of marriage, sources of income of the parties, employability, and

future needs. In an equitable distribution hearing, it is not uncommon for the needs of one party to outweigh the needs of the opposing party, resulting in an equitable distribution that favors one over the other. Equitable division does not presume an equal division of marital property, rather the goal is economic justice. 23 Pa.C.S. §3502. The master having considered all relevant factors did not err in his distribution of the marital estate.

Defendant's exception 2 is denied.

## DEFENDANT'S EXCEPTION 3

*The master erred in awarding plaintiff lump sum alimony pendente lite in the amount of $44,781.30.*

See discussion, plaintiff exception 12. Defendant's exception 3 is denied.

## DEFENDANT'S EXCEPTION 4

*The master erred in his recommendation that defendant pay plaintiff alimony and alimony pendente lite because amounts used to calculate both alimony and alimony pendente lite were treated as both property and income for purposes of equitable distribution.*

Defendant references the case of *Dalrymple v. Kilishek,* 920 A.2d 1275 (Pa. Super. 2007), in support of his fourth exception. This court would agree that the amount of alimony must be consistent with the reasonable needs of the party and the standard of living established during the course of marriage, and believes that the master was consistent with this case law to the degree that the amount of alimony award did not exceed plaintiff's reasonable needs, but in fact, was insufficient to do so. Furthermore,

the duration of the support was for four years, a reasonable time for plaintiff to further her educational career and move past this divorce proceeding.

Plaintiff's award of alimony pendente lite, unlike alimony, is not dependent upon the status of the parties, but upon the status of the litigation, and consequently terminates at the time of divorce. *Spink v. Spink,* 422 Pa. Super. 126, 619 A.2d 277 (1992). The fact that plaintiff does work and is able to earn income does not mean that she will be equally situated with the defendant to proceed with pending action. The master properly considered all relevant factors in determining plaintiff's need for alimony pendente lite, and was justified in his determination.

Defendant's exception 4 is denied.

## DEFENDANT'S EXCEPTION 5

*The master erred in his recommendation and proposed order by basing his assessments on the theory of income equalization.*

The court determines that, after a review of the record, defendant's exception 5 is without merit and without sufficient case law to find otherwise. Defendant exception 5 is denied.

## ORDER

And now, July 20, 2010, the following argument on plaintiff's and defendant's exceptions to the report of the master, and after consideration of the briefs and arguments of counsel, and in accordance with the attached opinion, the court hereby orders and decrees as follows:

(1) Plaintiff's exception 1 is granted. Defendant shall pay alimony to plaintiff in the amount of $1,300 per month for four years.

(2) Plaintiff's exception 2 is denied.

(3) Plaintiff's exception 3 is denied.

(4) Plaintiff's exception 4 is denied.

(5) Plaintiff's exception 5 is denied.

(6) Plaintiff's exception 6 is denied.

(7) Plaintiff's exception 7 is denied.

(8) Plaintiff's exception 8 is denied.

(9) Plaintiff's exception 9 is denied.

(10) Plaintiff's exception 10 is denied.

(11) Plaintiff's exception 11 is denied.

(12) Plaintiff's exception 12 is denied.

(13) Defendant's exception 1 is denied.

(14) Defendant's exception 2 is denied.

(15) Defendant's exception 3 is denied.

(16) Defendant's exception 4 is denied.

(17) Defendant's exception 5 is denied.

(18) The prothonotary shall properly serve notice of this order upon counsel of record for the parties.